### HANSON et al. v. JORDAN et al.
### No. 4390.

Court of Civil Appeals of Texas. Beaumont.
July 11, 1946.

Rehearing Denied Sept. 18, 1946.

Thos. J. Hightower and R. E. Biggs, both of Liberty, and E. E. Davis, of Dayton, for appellants.

Llewellyn & Dougharty, of Liberty, for appellees.

MURRAY, Justice.

This is an appeal from a judgment of the district court of Liberty county in an election contest in favor of proponents of a bond issue election held in the incorporated city of Cleveland.

The contestants of the election specially pleaded that no voters who voted at the contested election were qualified to vote at such election, for the reason that the city of Cleveland had not assessed any taxes for the year 1945 against them, none of them had rendered their property for taxation, and none of their names appeared on a tax roll of the city of Cleveland; that such election was called for the purpose of determining whether the city of Cleveland should authorize its city council to issue bonds and thereby lend its credit to the amount of $120,000 for street and sewer improvements; that for such an election, the provisions of Article 6, Section 3, of the Constitution, Vernon's Ann.St., and of Article 2955a, Vernon's Annotated Civil Statutes, apply; that since no person who voted at such election was a qualified elector the election was void.

The contestees of the election excepted to such pleading in the following language:

"Defendants further specially except to paragraph 9 of said petition wherein the allegations pertain to property being rendered; assessment of property for tax purposes and names appearing on a tax roll, as they are immaterial in determining the validity of an election insofar as qualifications of an elector are concerned and could in no way contain grounds for the contest of an election, there being no law within the State of Texas, statutory or otherwise, which makes mandatory the rendition of one's property, the assessment thereof or the appearance of one's name on a tax roll before he can become a qualified voter; and for the further reason that said petition alleges that the City of Cleveland had never prepared a tax roll or levied an ad valorem tax against the property owners thereof."

The court sustained this exception, and, contestants declining to amend, dismissed the suit of the contestants. They have duly perfected their appeal to this court for review.

Appellants' only point on appeal is that the effect of the trial court's ruling was "to destroy the effect of Article 6, Section 3A, of the Constitution of the state of Texas." In their pleading, the contestants refer to "Section 3," but undoubtedly they intended to refer to Section 3a, of the Constitution, which they quote from in their brief. Article 2955a follows the language of Section 3a of the Constitution. Such section of the constitution reads as follows:

"Sec. 3a. When an election is held by any county, or any number of counties, or any political sub-division of the State, or any political sub-division of a county, or any defined district now or hereafter to be described and defined within the State and which may or may not include towns, villages or municipal corporations, or any city, town or village, for the purpose of issuing bonds or otherwise lending credit, or expending money for assuming any debt, only qualified electors who own taxable property in the State, county, political sub-division, district, city, town or village where such election is held, and who have duly rendered the same for taxation, shall be qualified to vote and all electors shall vote in the election precinct of their residence. (Sec. 3a, Art. 6, adopted election November 8, 1932.)"

Appellants point out that since the pleading stricken by the court's ruling on the exception thereto alleges that none of the voters at such election had rendered their property to the city of Cleveland for

taxation and that the city had not placed any of them on its tax roll, none of them could be a qualified elector at such an election as this one was.

We believe the position of the appellants is correct and their point must be sustained. If the constitutional provision above quoted is to have any meaning at all, it means that a voter at such an election as this, for the purpose of issuing bonds for street improvements, must be the owner of property within the boundaries of the taxing body, who has "duly rendered" his property for taxation to it. The phrase "duly rendered" has been construed to mean that property owners who did not themselves render their property for taxation but whose property was placed on the tax rolls by the taxing body are nevertheless held to be persons whose property has been "duly rendered." Markowsky et al. v. Newman et al., 134 Tex. 440, 136 S.W.2d 808. As applied to the instant case, we are unable to see in what manner the electors at the election under scrutiny could be considered qualified, under the language of the constitution, Article 6, Section 3a, above. The answer of the contestees is that the city of Cleveland did not have any tax roll and nobody in the city had either rendered their property for taxation or had been called on to do so and nobody had had property assessed against him for taxes and further that the city had no occasion to make up a tax roll, since it had not levied nor collected any ad valorem taxes. We do not believe that such a commendable state of fiscal affairs can negative the plain requirements of the constitution. Since the requirements for voting at such a bond election are set forth in an amendment to the constitution, it seems that before such an election can be held, the electors who expect to vote must either render their property to the city for taxes or the city must do so for them. Article 6, Section 3a, Constitution of Texas; Markowsky et al. v. Newman et al., 134 Tex. 440, 136 S.W.2d 808. That is the only manner in which persons otherwise qualified can become qualified to vote at such an election.

It follows from what has been said that the trial court was in error in sustaining the exception of the proponents, appellees here, and the judgment of the trial court will be reversed and remanded for a new trial, with instructions to render judgment for the contestants in the event the testimony shall support the allegations of the contestants to which the court sustained the exception.

Reversed and remanded with instructions.